IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | 4:24-CR-109 |
| v. | ) ) | |
| LEON ARTHUR KEITH PHILLIPS, | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) ) | |

## I.   INTRODUCTION

In June 2024, a citizen contacted law enforcement to report that her 21-year-old daughter (Victim 1) was missing and believed to be in danger. Following an interview with the citizen and through investigation, law enforcement officers discovered that Defendant had sex trafficked by force, fraud, and coercion Victim 1 in May and June 2024. Specifically, Defendant repeatedly violently assaulted Victim 1, knowing and in reckless disregard that Victim 1 would be caused to engage in commercial sex acts. Defendant "hit[] and beat[] Victim 1's body with his hands and fists and used his feet to stomp on her head." (R. Doc. 44, at 15.) Ultimately, pursuant to a plea agreement, Defendant pleaded guilty to sex trafficking Victim 1 by force, fraud, and coercion, and the government agreed to dismiss all remaining counts. In order to reflect the nature and circumstances of the offense and the history and characteristics of the Defendant, as well as to protect the public from further crimes by this Defendant, the government respectfully recommends that the Court impose a sentence at the top of the guideline range, 293 months' imprisonment.

## II.    PROCEDURAL BACKGROUND

On August 21, 2024, a grand jury returned a three-count Indictment charging Leon Arthur Keith Phillips with sex trafficking by force, fraud, and coercion, in violation of Title 18, United States Code, Sections 1591(a), 1591(b)(1), and 1594(a) (Count 1); Travel Act – Facilitate Prostitution, in violation of Title 18, United States Code, Section 1952(a)(3)(A) (Count 2); and distribution of controlled substances to a person under the age of 21, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 859 (Count 3). (R. Doc. 24)

On February 25, 2025, pursuant to a plea agreement, Defendant pleaded guilty to Count 1 of the Indictment, that is Sex Trafficking by Force, Fraud, and Coercion. (R. Doc. 44, 47.) The government agreed to dismiss Counts 2 and 3 at time of sentencing.  Sentencing is scheduled for July 1, 2026. (R. Doc. 69.)

The issues that remain for sentencing are whether: 1) a two-level enhancement, pursuant to USSG §3A1.3, for physically restraining the victim, is applicable; and 2) fashioning of a sentence that is sufficient but not greater than necessary.

## III.    The Two-Level Enhancement for Physical Restraint of a Victim is Applicable and Does Not Constitute Double-Counting.

Pursuant to USSG §3A1.3, if a victim was physically restrained in the course of the offense, a two-level enhancement is applicable. Under the Guidelines, the term " '[p]hysically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 comment. (n. 1(K)). The uncontested facts

in the PSR establish by preponderance of the evidence that Defendant physically restrained Victim 1.

> In a June 7, 2024, video, Phillips again appears to be holding the phone And videorecording. Phillips and Victim 1 are in a hotel room that is different than the room in the May 27, 2024, videos. Victim 1 says she is leaving. Phillips responds by calling her a "crazy bitch," telling her to stop, and based on Victim 1's statement to let her go, appears to grab Victim 1. The videorecording captures the audio of a physical struggle between Phillips and Victim 1. The video pans randomly around the room as Phillips and Victim 1 struggle. Victim 1 says to let her leave. Phillips tells her to "chill out," calls her a "crazy bitch" and continues to physically prevent her from leaving.

(PSR ¶21(c).) On another occasion, when Defendant and Victim 1 were fighting at the Embassy Suites, Defendant tied up Victim 1, who was naked, with a cord from an iron and shut her in the closet. (*Id.* at ¶37.) Throughout the relationship, "Victim 1 told Phillips she wanted to leave, and he would not allow her to leave[]" and the only way she was able to escape Defendant was by being arrested by law enforcement for an outstanding warrant in June 2024. (*Id.* at ¶39.) On the day of her arrest, hotel staff called police because Victim 1 was trying to have Defendant removed from her room because she was trying to break up with him and Phillips was holding her. (*Id.*) Based on the uncontested facts set forth in the PSR, the government has clearly established by a preponderance of the evidence that Defendant physically restrained Victim 1.

Application of the two-level enhancement for physical restraint of victim does not result in double-counting because "[s]uch restraint was not necessary to the application of U.S.S.G. § 2G1.1, which sets a Base Offense Level of 34 for [defendant's] offense of conviction, sex trafficking accomplished by force, fraud, or coercion under

3

18 U.S.C. § 1591 (b)(1)." *United States v. Graham*, 644 F. App'x 795, 796 (9th Cir. 2016) (citing *United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir.2013); and USSG §3A1.3 comment. (n. 2).)

## IV.    ADVISORY GUIDELINE RANGE

The Guideline calculations are as follows for Count One (Sex Trafficking by Force, Fraud and Coercion):

| | |
|---|---|
| Base Offense level USSG §2G1.1(a)(1) | 34 |
| Vulnerable Victim  USSG §3A1.3 | +2 |
| Acceptance of responsibility | -3 |
| Total offense level: | 33 |
| Criminal history: | VI |
| Guideline range: | 235 to 293 months' imprisonment Statutory Mandatory Minimum: 180 months' imprisonment |

## V.    § 3553(a) FACTORS SUPPORT A SENTENCE OF 180 MONTHS' IMPRISONMENT

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1.  the nature and circumstances of the offense and history and characteristics of the defendant;
2.  the need for the sentence imposed -
    A.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    B.  to afford adequate deterrence to criminal conduct;
    C.  to protect the public from further crimes of the defendant; and
    D.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3.  the kinds of sentences available;
4.  the guideline sentencing range;
5.  any pertinent policy statement;

6.      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7.      the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

As a preliminary matter, as of the filing of this memorandum, the government is pursuing efforts to meet with Victim 1 regarding a restitution request. The government will update the Court with any additional information it obtains on the issue of restitution between filing and the sentencing hearing.

Based on the aggravated nature and circumstances of this offense and Defendant's established history of violence, the government recommends a sentence at the top of the guideline range, 293 months' imprisonment.

*Nature and Circumstances of Offense; Seriousness of Offense*

Defendant's use of violence against Victim 1 and the direct harm caused to victims are the factors that distinguishes this case from others. In May and June of 2024, Defendant sex-trafficked Victim 1 in the Des Moines area. (R. Doc. 44, Att. A.) The facts of Defendant's offenses are uncontested and laid out in detail in the PSR (¶¶10-41) and Attachment A to Defendant's amended plea agreement (R. Doc. 44). As set forth in the PSR and in Attachment A, Defendant engaged in several acts of physical violence against Victim 1. (PSR ¶¶22, 35, 36, 37, 38, 39; R. Doc. 44 at 15.) Defendant caused serious injuries to Victim 1, including extensive bruising, broken ribs, and a fractured skull. (*Id.* at ¶35; Exs. 1, 3.) In addition to using physical violence against Victim 1, Defendant threatened to kill Victim 1's mother and father and to

hang her dog from a tree. (PSR ¶40.) Defendant was armed, and threatened to shoot Victim 1 on one occasion, holding the gun to her head. (*Id.*)

The direct harm inflicted upon Victim 1 causes it to be a serious offense. "Trafficked women and girls experience severe and potentially life-threatening physical and mental health consequences, which can be lifelong." AM. PSYCHOLOGICAL ASS'N, REPORT OF THE TASK FORCE ON TRAFFICKING OF WOMEN AND GIRLS 31 (2014) Executive Summary, https://www.apa.org/pi/women/programs/trafficking/report.pdf. "Serious mental health problems result, including anxiety, depression, self-injurious behavior, suicidal ideation and suicide, drug and alcohol addiction, posttraumatic stress disorder (PTSD), dissociative disorders, and complex PTSD." *Id.* Executive Summary, 40-44. "Physical consequences can include neurological issues, gastrointestinal disturbances, respiratory distress, chronic pain, sexually transmitted diseases (including HIV), urogenital problems, dental problems, fractures, and traumatic brain injuries." *Id.* at Executive Summary, 44-45.

*History and Characteristics of Defendant; Need to Protect the Public from Further Crimes*

Defendant, who is age 34, has a total of 18 criminal history points, placing him in Category VI. Between the ages of 18 and 31, Defendant accumulated seventeen convictions, while none were felonies, several were aggravated misdemeanors punishable by up to two years' prison. (PSR ¶¶60-75.) Defendant has an established history of assaultive and/or violent behavior, with six prior convictions for such conduct, many of which were pled down. (*Id.* at ¶¶63, 66, 67, 68, 71, 74.) He was

twice convicted of assault with intent to inflict serious injury (*Id.* at ¶¶68, 71) and once convicted of assault causing injury (*Id.* at ¶¶66). Additionally, he has convictions for 1st degree harassment, harassment of public officials or employee, child endangerment and three convictions for violations of no contact orders. (*Id.* at ¶¶69, 70, 72, 73, 74.) Initially and prior to cooperating, Defendant violated the no-contact order in this case. (*Id.* at ¶42.) Defendant also has three prior convictions for controlled substances.  (*Id.* at ¶¶ 61, 75, 76.) Defendant's demonstrated history of violent and assaultive behavior indicates a sentence at the top of the guideline range is necessary to protect the public from further crimes.

## VI.  CONCLUSION

Based on the foregoing, the government recommends a sentence of 293 months' imprisonment.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Amy Jennings*
Amy Jennings
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:  Amy.Jennings2@usdoj.gov

8

CERTIFICATE OF SERVICE
I hereby certify that on June 25, 2026, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
_____U.S. Mail _____ Fax _____Hand Delivery

 X    ECF/Electronic filing    ___Other means

UNITED STATES ATTORNEY
By: */s/Janna Colvin,* Paralegal Specialist